UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THERESA PEPLINSKI AND
JOSEPH PEPLINSKI,

Plaintiff,

v.  Case No.: 23-1165

LEXINGTON INSURANCE COMPANY,

Defendant.
_____/

## COMPLAINT

Plaintiffs, THERESA PEPLINSKI AND JOSEPH PEPLINSKI, ("Plaintiffs"), by and through their undersigned counsel, hereby sue Defendant, LEXINGTON INSURANCE COMPANY ("Defendant"), and allege as follows:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for damages under the National Flood Insurance Act as codified in 42 U.S.C. § 4001 et seq.

2. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1402 as Plaintiffs reside in this District and the property that is the subject of this action is located in this District.

ILG File #: 32038
Claim #: 22-02028
Case #:

4. At all material times hereto, Plaintiffs owned the property insured by Defendant located at 216 Hibiscus Drive, Fort Myers Beach, Florida 33931 (the "Property").

## GENERAL ALLEGATIONS

5. Defendant is a Write-Your-Own Program ("WYO") carrier participating in the National Flood Insurance Program ("NFIP").

6. As a WYO carrier, Defendant can issue and administer a Standard Flood Insurance Policy ("SFIP") like the one issued to Plaintiffs.

7. As a WYO carrier, Defendant is obligated to perform significant administrative functions including the adjustment, settlement, payment and defense of all claims arising from the SFIP.

8. In consideration for the premiums paid prior to September 28, 2022, Defendant, in its capacity as a WYO carrier, issued a SFIP to Plaintiffs bearing policy number, FA2019114343, for the property located at 216 Hibiscus Drive, Fort Myers Beach, Florida 33931 in Lee County, Florida (the "SFIP"). A copy of the Policy is attached hereto and incorporated herein as *Exhibit "A."*

9. The SFIP issued by Defendant included coverage for dwelling, other structures and personal property.

10. On September 28, 2022 ("Date of Loss"), Hurricane Ian made landfall in southwest Florida as a Category 4 hurricane producing high winds and catastrophic storm surge and flooding.

11. At all times material hereto, Plaintiffs owned the Property, up to and including on the Date of Loss.

12. On the Date of Loss, the Property was damaged as a result of flood, which is a covered loss under the SFIP. *See Estimate of Damage, attached as Exhibit "B."*

13. Plaintiffs reported the loss to Defendant and Defendant responded by assigning claim number 22-02028 (the "Claim").

14. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

15. Defendant inspected the Property in its investigation of the Claim.

16. Defendant afforded coverage for the Claim.

17. Defendant determined that $125,725.54 was owed for dwelling and content in policy benefits on the Claim (the "Partial Payment").

18. Defendant's Partial Payment of the Loss is an admission that the September 28, 2022, Loss is a covered loss under the Policy.

19. Through its determination that there were damages on the Claim, Defendant admitted liability for the Loss.

20. The amount of damages determined by Defendant is inadequate to perform the repairs needed to fix all damages caused by the Loss and to restore Plaintiffs' Property to its pre-Loss condition.

21. On or about, November 08, 2022, Defendant issued a decision letter informing Plaintiffs that it was refusing to pay the full amount of the Claim as required by the terms of the SFIP, a true and correct copy of which is attached hereto as *"Exhibit C."*

22. Plaintiffs have furnished Defendant with timely notice of the loss, proof of claim and have otherwise performed all conditions precedent to recover under the SFIP

and under the applicable statutes and law, but Defendant has refused and continues to refuse to pay either part or all of the Plaintiffs' claim.

23. All conditions precedent to obtaining payment of insurance benefits under the SFIP have been complied with, met, or waived.

24. At all times material hereto, Defendant was not immune from liability for breach of contract pertaining to insurance coverage.

## COUNT I – BREACH OF CONTRACT

25. Plaintiffs adopt, re-allege, and incorporate by reference all allegations contained in Paragraphs 1 through 24 as though fully set forth herein.

26. Upon the issuance of the SFIP to Plaintiffs, Plaintiffs and Defendant entered into a valid and enforceable agreement.

27. At all times material hereto, up to and including the Date of Loss, the SFIP was in full force and effect.

28. Defendant breached the Policy by failing to pay the full amount of damages sustained by Plaintiffs.

29. Defendant breached the SFIP by failing to properly evaluate Plaintiffs Claim and by failing to pay the full amount of the Claim in accordance with the policy provisions and applicable laws.

30. As a direct and proximate cause of said breach, Plaintiffs have, and continue to suffer, economic damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs, THERESA PEPLINSKI AND JOSEPH PEPLINSKI demand judgment against Defendant, LEXINGTON INSURANCE COMPANY for

damages together with costs, and for such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs herein demand a trial by jury of all issues so triable.

Dated on December 11, 2023.

                INSURANCE LITIGATION GROUP, P.A.
                  *Attorney for Plaintiffs*
                  1500 N.E. 162nd Street
                  Miami, Florida 33162
                  Telephone:   (786) 529-0090
                  Facsimile:    (866) 239-9520
                  E-Mail: service@ILGPA.COM

        By:    /s/ Gregorie Dolce
                GREGORIE DOLCE, ESQ.
                FL Bar No. 78139
                TANIA WILLIAMS, ESQ.
                FL Bar No. 599425